The judgment contains the following recital of facts: "That the plaintiffs are the owners of property situated on both sides of Jeffress Avenue in Biltmore Ward, Buncombe County, State of North Carolina; that the plaintiffs derived their title by mesne conveyances from the defendant, Mayo Carland; that the defendant, Mayo Carland, in August, 1921, subdivided and platted said property into lots and laid off on said plat the said Jeffress Avenue and registered, or had registered, the said *Page 820 
plat in the office of the register of deeds, in Book 2, page 79; that at the extreme eastern end of Jeffress Avenue on said plat and between the said eastern end of Jeffress Avenue and the eastern property line of said subdivision, the said Mayo Carland left a small strip of land, approximately 15 feet by 30 feet, and made on said small strip of land on said plat an entry in the following words: "This space reserved by owner, Avenue stops here." That the said Mayo Carland sold all the lots on said plat with reference to said plat and referred to said plat in the deeds therefor; that he made, or caused to be made, a public announcement at a public auction of said lots on said plat, and also privately, that the small strip of land between the eastern end of Jeffress Avenue and the property east of said subdivision was reserved for the use and benefit of the purchasers of said lots of said plat, and to prevent the colored people living east of said property from coming through and traversing Jeffress Avenue to the Hendersonville Road, and that Jeffress Avenue would never be extended, but would remain as shown on said plat; that the defendant Mayo Carland, on 30th March, 1927, attempted to convey said small strip of land reserved in said subdivision above mentioned and described, to his codefendant, Max Polansky, by deed which is registered in the office of the register of deeds for Buncombe County; that the defendant, Max Polansky, has developed a large subdivision immediately east of the said Carland subdivision for colored people and has attempted to extend and is threatening to extend said Jeffress Avenue across and over said small strip of land reserved in the Carland plat to his said subdivision and allow the purchasers of lots in his subdivision to use said small strip of land for a street or highway in getting to Jeffress Avenue."
The presiding judge was of the opinion that when the defendant Carland platted and subdivided the property and indicated thereon the location and boundaries of Jeffress Avenue and the place where the avenue ended, and made announcement at the sale of the property that the reserved strip was to be kept for the use and benefit of the purchasers, Carland dedicated the reserved strip to their use and to the use of their successors in title. His Honor held that as the defendant Polansky had purchased with notice the restraining order should be continued to the hearing. We concur in the conclusion that the injunction should be continued, and affirm the judgment.
Affirmed. *Page 821